UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:17-CR-00204-01** |
| **VERSUS** | **JUDGE DRELL** |
| **NATHAN BURL CAIN II (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**RULING AND ORDER**

Before the court is a motion entitled "Motion for Reconsideration of Ruling and Order (R. Doc. 130) Denying Defendant's Motion to Modify Prison Sentence Pursuant to 18 U.S.C. §3582(c) (R. Doc. 129)" filed by defendant Nathan Burl Cain II ("Cain"). (Doc. 131). For the following reasons, this motion must be DENIED.

    **I.**    **Background**

Cain was indicted on August 11, 2017, on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §1349 and seventeen (17) counts of wire fraud in violation of 18 U.S.C.§1343 and §2. (Doc. 1). On March 13, 2019, Cain entered a plea of guilty to counts 2 and 3 and was sentenced on June 17, 2019 to 38 months imprisonment (Doc. 106). Cain is serving his sentence at a Bureau of Prisons' Medical Facility, FMC Lexington in Lexington, Kentucky.

On April 3, 2020, Cain filed a "Motion to Modify Prison Sentence Pursuant to 18 U.S.C. §3582(c)" seeking early release from prison and to serve the remainder of his sentence via home confinement (Doc. 129). Cain alleged that he should be released because of his age and health issues: a congenital heart condition known as coarctation of the aorta, diabetes for which he is insulin dependent, hypertension, gastrointestinal issues, degenerative vertebrae, orthopedic injuries sustained in a motorcycle accident, and severe infections resulting from treatment

following the accident.[1]   On April 8, 2020, we denied the motion because of Cain's failure to exhaust his administrative remedies. (Doc. 130).

On June 19, 2020, Cain filed the instant motion reasserting his request or early release to home confinement. Therein, he argued his release is warranted because of his current health condition (at the time he had tested positive for COVID-19) as well as his aforementioned preexisting conditions. According to Cain, he tested positive for COVID-19 on May 8, 2020 while imprisoned at FMC-Lexington. Due to his deteriorating condition, he was transported to a hospital at the University of Kentucky where he was placed on a ventilator from May 17, 2020 to May 28, 2020. From that May 28, 2020, through the filing of the motion, Cain remained on oxygen and was confined to a wheelchair. No information regarding his current condition has since been provided.

**II.    Law and Analysis**

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when

---

[1] Evidence submitted by the government, namely the June 17, 2020, memorandum to Francisco J. Quintana, Warden of FMC Lexington from Ken Hyle, Assistant Director and General Counsel, in which Cain's request for compassionate release was denied, lists Cain's medical history as "diabetes type II, hypertension, coronary artery disease (CAD), gastric bypass surgery in 2003 with revision in 2004, then complicated by a wound dehiscence requiring an abdominal mesh for repair, and mood disorder…a dislocated shoulder, fractured femur and reopened … abdominal would which has been followed by the wound care team and Physical Therapy (PT) since the start of his incarceration." (Doc. 132-1, p.1-2).

there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A).

Prior to the filing of the instant motion, Cain filed a request for relief with the Warden at FMC Lexington. His request was denied via a memorandum dated June 17, 2020, from Ken Hyle, Assistant Director and General Counsel of the Federal Bureau of Prisons to Francisco J. Quintana, Warden of FMC Lexington ("the memorandum"). (Doc. 132-1). As Cain filed this motion on July 19, 2020, he exhausted his administrative remedies as required under the First Step Act, 18 U.S.C. §3582(c)(1)(A). United States v. Koons, 455 F.Supp.3d 285 (W.D.La. 2020). Despite his exhaustion, we do not find that the motion before the court demonstrates "extraordinary and compelling" reasons for the relief sought.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Despite Cain's contention that "extraordinary and compelling reasons" warrant a reduction in his sentence, the law and evidence before the court indicate otherwise. Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

> (A) **Medical Condition of the Defendant.-**
>
>   (i)  The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

        cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii)   The defendant is –
        (I)   suffering from a serious physical or mental condition,

        (II)   suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)   **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   **Family Circumstances.** –

   (i)   The death or incapacitation of the caregiver of the defendant's minor child or children.

   (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

(D)   **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, Crim. Act. No. H-11-803(1), 2019 4673725 at *2 (S.D. Tex. Sept. 25, 2019); United States v. Jones, 836 F.3d 896, 899 (8th Cir.2016) (the movant bears the burden of proving he is entitled to a sentence reduction). Yet Cain filed a motion in which he asserts facts that are unsupported by medical evidence, affidavits, or other admissible evidence. Even taking the asserted facts as true, Cain fails to show his COVID-19 diagnosis and/or

his underlying medical conditions approximate the examples offered within the guidelines: metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, or advanced dementia.

As to Cain's COVID-19 diagnosis, we look to United States v. McCollough, 2020 WL 2812841, at *2 (D.Ariz. May 29, 2020) for guidance.[2] In McCollough, the court examined four relevant concerns: "(1) the course of [the defendant's] illness, (2) the state of his health, (3) the prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions." We have no current information regarding Cain's bout with COVID-19 but we do have the memorandum in which Mr. Hyle details Cain's illness, the treatment received, and his prognosis. (Doc. 132-1, p.2).

> Mr. Cain is a 53-year- old male with a medical history of diabetes type II, hypertension, coronary artery disease (CAD), gastric bypass surgery in 2003 with revision in 2004, then complicated by a would dehiscence requiring an abdominal mesh for repair, and mood disorder. In 2019, Mr. Cain was in a motor vehicle accident where he sustained a dislocated shoulder, fractured femur and reopened his abdominal wound which has been chronically open since. As a result, he has been closely followed by the wound care team and Physical Therapy (PT) since the start of his incarceration. On May 15, 2020 Cain reported experiencing nausea and having bloody dark stool for three days. He was sent to an outside hospital for evaluation and was diagnosed with COVID-10. During his admission, Mr. Cain began to experience respiratory failure and required intubation. His chronic abdominal wound became infected secondary to E.Coli, MRSA, and Strep with formation of an enterocutaneous fistula. During his hospital stay, Mr. Cain was able to be extubated. He underwent placement of a stoma bag over the fistula site in the abdomen to further promote wound healing. Mr. Cain remains at the outside hospital and is receiving rehabilitation services, wound care, and antibiotic treatment. According to treatment providers, Mr. Cain's condition is improving

---

[2] See also, United States v. Carney, Crim. Act. No. 154, 2020 WL 4747716 (E.D.La. August 17, 2020), United States v. Dan, CR.NO. 15-00703 HG-01, 2020 WL 3453845, at *5 (D.Haw. June 24, 2020) (compassionate release denied where defendant had tested positive for COVID-19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); United States v. Morgan, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (where compassionate release was denied "given Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion- avoiding contracting COVID-19."); United States v. Russo, 16-CR-441, 2020 WL 1862294, 8 (S.D. N.Y., Apr. 14, 2020) (denying otherwise meritorious motion or compassionate release because defendant tested positive for COVID-19 during the pendency of the motion).

and it is expected that he will return to FMC Lexington in the near future. Prior to his hospitalization, Mr. Cain was independent with all aspects of his Activities of Daily Living (ADLs) and instrumental ADLs. He was not confined to his bed or a chair for more than 50% of the day. At this time, his function decline is due to a recent hospitalization for an acute illness from which he is expected to make a good recovery.

(Doc 132-1, p.2). It is evident from the above that despite his incarceration, Cain has received medical care that is more than adequate to address both his bout with COVID-19 and his underlying conditions. There is neither argument nor evidence in the record to suggest otherwise. Accordingly, Cain has failed to carry his burden of proving his medical condition rises to the level of "extraordinary and compelling."

### III. Conclusion

For the reasons set forth herein, it is hereby

ORDERED that Givens' "Motion to Correct Erroneous Sentence" (Doc. 616) and his motion styled as "Motion to Hold Proceedings in Abeyance" (Doc. 663) are DENIED and DISMISSED for lack of jurisdiction.

THUS DONE AND SIGNED this 14 day of October 2020, at Alexandria, Louisiana.

                                              DEE D. DRELL, JUDGE
                                              UNITED STATES DISTRICT COURT